**FILED & ENTERED**

**APR 05 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Bever      **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:12-bk-11243-MB |
| PETER BROWN KLEIDMAN, | Chapter 11 |
| Reorganized Debtor. | Adv. Proc. No.: 1:17-ap-01007-MB |
| PETER KLEIDMAN | **ORDER AND DECISION DISCONTINUING TELEPHONIC APPEARANCES BY ALL PARTIES TO THIS ADVERSARY PROCEEDING** |
| Plaintiff, | |
| vs. | |
| HILTON & HYLAND REAL ESTATE INC.; JOSHUA ALTMAN; MATTHEW ALTMAN, DOES 1 – 100. | |
| Defendants. | Hearing Date and Time |
| | Date: March 18, 2019<br>Time: 2:30 p.m.<br>Ctrm: 303 |

On March 18, 2019, the Court conducted a hearing on the *Motion For A Case Management Order Requiring That Plaintiff Appear In Person For All Hearings* (the "Motion") filed by the defendants Hilton & Hyland Real Estate, Inc., Joshua Altman and Matthew Altman (collectively, the "Defendants"). Adv. Dkt. 235. Plaintiff Peter Kleidman appeared pro se, Matthew Lesnick and Aviv Tuchman appeared on behalf of the Defendants.

The Defendants contend that Kleidman, who is the reorganized debtor in the above-captioned chapter 11 case, is an experienced pro se litigant who has used vexatious and harassing tactics in this litigation, the state court litigation between the parties that preceded this litigation, and in other litigation, involving other parties. Based on this factual premise, the Defendants urge the Court to terminate Kleidman's telephonic appearance privileges. The Defendants argue that by appearing telephonically Kleidman "does not have to literally face the Court to defend his positions" and is "emboldened to take actions and positions that he might not be willing to take if he had to appear in person." The Defendants contend that as long as Kleidman does not have to appear in person the Defendants are exposed to an asymmetrical burden. In other words, they argue that Kleidman can file endless numbers of motions and force the Defendants to bear the cost of appearing, without having to bear that cost himself.

On the other hand, Kleidman vehemently disagrees with the Defendants' characterizations of his conduct. Although Kleidman acknowledges that he has been the plaintiff in at least 30-40 lawsuits (not including appeals), and that the vast majority of those have been on a pro se basis, he contends that his motives and his tactics have been above board—both in those proceedings and this one. Kleidman argues further that even if the Defendants are correct, i.e. that his tactics are vexatious and harassing, the Court has more appropriate tools at its disposal to sanction and deter misconduct. Kleidman contends that appearing at all hearings in the case would impose a burden on him because he lives in Connecticut, would be forced to spend two days traveling for each appearance, and allegedly does not sleep well on airplanes. Alternatively, Kleidman requests that he be permitted to file motions in this case but not have to appear at the hearings on those motions to argue his positions, respond to Defendants or answer the questions of the Court.

1

Telephonic appearances are not required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Federal Rules of Civil Procedure. They are an accommodation that some judges permit, if at all, under those circumstances that they deem appropriate. The Local Bankruptcy Rules are in accord.

The Local Bankruptcy Rules require each party to a motion (or their counsel) to personally appear at the hearing on such motion:

> Appearance is Mandatory. Counsel for the moving and opposing parties, and the moving and opposing parties who are appearing without counsel, must be present at the hearing on the motion and must have such familiarity with the case as to permit informed discussion and argument of the motion. The failure of counsel or a self-represented party to appear, unless excused by the court in advance, may be deemed consent to a ruling on the motion adverse to that counsel's or self-represented party's position.

Local Bankruptcy Rule 9013(1)(j). The Local Bankruptcy Rules underscore that this requirement applies to self-represented parties, unless the judge permits such a party to appear by electronic means:

> Any individual who is not represented by an attorney authorized to practice in this court must appear at each hearing or status conference, either in person or, when permitted by the judge, by telephone or video, unless that appearance is excused by the court as permitted by FRBP 1004.1.[1]

Local Bankruptcy Rule 9011-2(b).

The undersigned judge maintains a fairly liberal telephonic appearance policy. The policy is aimed at permitting litigants in bankruptcy to conserve resources by appearing telephonically, if they deem it prudent to do so, except in those circumstances that the undersigned concludes it is inappropriate to do so. The policy, which is posted on the Court's website, lists a series of hearings

---

[1] Federal Rule of Bankruptcy Procedure 1004.1, which applies to infants and incompetent persons is not applicable here.

Main Document    Page 4 of 8

that are categorically excluded, but also preserves the discretion of the undersigned to identify additional circumstances requiring a personal appearance:

> Telephonic appearances are allowed in all matters before Judge Barash in Courtroom 303 of the San Fernando Valley Division, **EXCEPT** the following:
>
> 1. Trials and evidentiary hearings (Counsel for all parties must appear in person. Witnesses also must appear in person to be cross-examined, unless otherwise ordered).
>
> 2. Chapter 11 status conferences (Debtor, debtor's counsel, and counsel for creditors' and equity committees, if any, must appear in person). Other parties in interest may appear telephonically.
>
> 3. Chapter 11 and 12 disclosure statement and confirmation hearings (Debtor, debtor's counsel, and all objecting creditors (or their counsel) must appear in person).
>
> 4. Chapter 11 motions to dismiss or convert.
>
> 5. Adversary Proceeding **Initial** Status Conferences and Pretrial Conferences (All trial counsel must appear in person unless Judge Barash has authorized appearance by telephone for the adversary proceeding at issue, in advance).
>
> 6. Motions for Summary Judgment or Partial Summary Judgment.
>
> 7. Chapter 13 plan confirmation hearings and other chapter 13 contested matters other than motions for relief from stay and motions to dismiss filed by the chapter 13 trustee.
>
> 8. Any matter designated by the Court as requiring a personal appearance.

The Court does not have to adjudicate the Defendants' contention that Kleidman has been "vexatious" to conclude that the interests of justice will be better served by prohibiting any party in this adversary proceeding from appearing telephonically in the future and requiring all appearances be in person, unless the Court specifically orders otherwise (as the Court has, by separate order, with respect to initial discovery conferences). Based on the Court's observations of this adversary

proceeding the amount of litigation in this adversary proceeding has been excessive and the litigation itself extremely contentious. The Court believes that its ability to facilitate a just, speedy and economical resolution of the parties' dispute will be enhanced by face-to-face, in-court communication with the parties.

The complaint in this case is not complex. Kleidman alleges that the real estate brokers that represented him as a chapter 11 debtor in possession and related parties breached their fiduciary duties to him in connection with the Court-approved sale of his Malibu home. Yet, to date, the parties have filed 33 motions in this case. Kleidman has been responsible for 24 of those motions, 20 of which are discovery motions. Of those 20 discovery motions, 14 have been denied in their entirety, two were withdrawn, three were granted in part, and two are negative notice motions as to which Kleidman has failed to set a hearing as he is required to do by Local Bankruptcy Rule 9013-1(o)(4). With respect to the Kleidman discovery motions denied at the Court's hearing held March 18, 2019, the Court noted that they were both frivolous and unnecessarily burdensome based on the piecemeal and duplicative strategy utilized by Kleidman. For example, Kleidman filed multiple discovery motions to compel responses to the same set of discovery requests, Request for Production, Set One, thereby forcing the defendants to prepare three joint discovery stipulations and file three oppositions regarding a single set of requests for production.[2]

But the Court's concern goes beyond Kleidman's excessive and largely unsuccessful litigation tactics. The Court finds that the civility in this litigation has broken down on all sides. Irrespective of who is responsible—and there are many allegations made by both sides—it is clear to the Court that the level of discord and animus in these proceedings substantially exceeds the norm. The Court believes that these difficulties have been exacerbated, at least in part, by its liberal telephonic appearance policy. The Court agrees that when a party is not required to appear

---

[2] In contrast, the Defendants have filed nine motions in this case. Two are set for hearing on May 9, 2019. Of the remaining seven, four are discovery motions or motions related to discovery procedures and three were motions to dismiss the operative complaint. One of the seven was rendered moot, but the Court granted at least some of the relief requested by the Defendants in the remaining adjudicated motions.

(Continued...)

4

in Court and defend their position, face-to-face, there is a tendency for that party to advance arguments that they might otherwise be embarrassed to make. Based on the Court's experience, this comports with human nature.[3] But more than that, the Court believes that it will be more effective in communicating with all parties regarding appropriate and inappropriate litigation conduct if the judge can do so face-to-face. If and when the judge deems it worthwhile, having all parties present also enables the Court to literally send the parties out in the hallway to directly resolve or refine the scope of their disputes. With at least one party on the phone, the Court does not have this option and is often forced to facilitate a discussion between the parties that they should really be having face-to-face.

The Court has considered Kleidman's objections to the termination of his telephone privileges and finds them unpersuasive. First, Kleidman contends that requiring him to attend all hearings will not alter his behavior (or the Defendants' behavior) in respect of this litigation. Although the Court recognizes this is a possibility, the Court does not believe it would be doing everything in its power to improve the course and tenor of this litigation if it did not implement this change.

Second, Kleidman contends that there are sanctions the Court can and should use to address the abuses complained of by the Defendants that do not involve terminating his telephone privileges. The Court is cognizant of those tools, but Kleidman misperceives the import of the Court's ruling. Kleidman is looking at the termination of his telephone privileges as a punishment. The Court does not view it as such. The Court is instead trying to ensure good conduct all around by requiring all parties to be present for hearings in this proceeding.

Third, although the Court recognizes that personal appearances will impose some burden on Kleidman, the Court does not find them unduly burdensome. Kleidman voluntarily filed his chapter 11 bankruptcy case and this adversary proceeding in this Court. To the extent his personal appearance imposes a burden on him, it is a self-inflicted. Moreover, the Court is not persuaded

---

[3] This is why, for instance, the Court has observed that a senior partner in a law firm will sometimes send an inexperienced associate to argue a specious position that the partner was willing to make in writing but is not willing to make in person.

that the burden is significant.  Kleidman does not argue that he has a physical disability that prevents him from attending hearings in California.  He does not argue that he is *in forma pauperis*.  He does not even argue that attendance at hearings will interfere with his job—as he testified in his deposition that he is unemployed and spends much of his time managing this litigation.  Adv. Dkt. 235 at 18, 20.  The some and substance of his argument is that he will be inconvenienced.  In the Court's view, this is not enough to outweigh the potential benefit of having all parties present at all hearings.

Finally, Kleidman argues that the Court should permit him to submit all motions in writing and excuse his attendance at any hearing.  The Court declines that request.  In most instances, the Court finds it essential to have all parties appear to defend their positions, respond to contrary arguments, and address the questions of the Court.  While the Court may in appropriate circumstances find it appropriate to rule on a motion without a hearing, that is not this Court's general practice.  Further, for the same reasons the Court finds that personal appearances would be beneficial in this litigation (as described above), the Court finds that the categorical waiver of either or all parties' appearances would be counterproductive to the just, speedy and efficient resolution of this litigation.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Except with respect to telephonic discovery conferences scheduled as such by the Court, telephonic appearances by the parties to this adversary proceeding will not be permitted

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

at any hearing held in this adversary proceeding or any other proceeding in the above-captioned chapter 11 case.

\# \# \#

Date: April 5, 2019

Martin R Barash
United States Bankruptcy Judge